COHEN, PLACITELLA, AND ROTH, P.C.
127 Maple Avenue
Red Bank, NJ   07701
(732) 747-9003
Attorneys for Plaintiffs

## THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUSAN HAAS, Executrix of the Estate of Carl Brasmer, and Individual Heirs of the Estate of Carl Brasmer,**<br><br>Plaintiff,<br><br>vs.<br><br>**3M COMPANY; BOEING COMPANY**, Individually and as successor to McDonnell Douglas Corporation; **CBS CORPORATION**, Individually and as successor to Viacom, Inc. and successor to Westinghouse Electric Corporation; **GENERAL ELECTRIC COMPANY**; **GOODRICH CORPORATION**, Individually and as successor to the B.F. Goodrich Company; **GOODYEAR TIRE & RUBBER COMPANY**; **HONEYWELL INTERNATIONAL, INC**., Individually and as successor to the Bendix Corporation; **NORTHROP-GRUMAN CORPOATION**, individually and as successor to Gruman Aerospace Corporation f/k/a Gruman Aircraft Engineering Group **JOHN DOE CORPORATIONS 1-50** (fictitious),<br>Defendants. | **AMENDED COMPLAINT AND JURY DEMAND**<br><br>**CIVIL ACTION NO. 12-2944 (FLW) (DEA)** |

Plaintiff, by way of Complaint against defendants, upon information and belief allege as follows:

## PARTIES – PLAINTIFFS

1. Plaintiff, Susan Haas, resides at 181 Millbrook Road, Hardwick, NJ 07825. Plaintiff's decedent, Carl Brasmer, was exposed to dust from asbestos and asbestos-containing products and contracted pleural mesothelioma and died on May 14, 2012.

2. Carl Brasmer (hereinafter "Plaintiff's decedent") was in the United States Military service, serving in the United States Air Force from approximately 1969-1973. During his time in the service, Carl Brasmer was stationed in Texas, Florida, Vietnam and New Mexico. He worked as a mechanic during this time, changing brakes and servicing fighter jets. While working in the US Military, Carl Brasmer was exposed to dust from asbestos and asbestos containing products. As a direct result from servicing the aircrafts, Carl Brasmer contracted pleural mesothelioma.

3. Reference herein to "Plaintiff" is reference to all persons set forth above as is syntactically and contextually correct.

## PARTIES – DEFENDANTS

1. Defendant, 3M Company, is a corporation and was doing business in the State of New Jersey. Defendant, 3M Company, mined, manufactured, sold, purchased, marketed, installed, removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer used or was exposed to.

2. Defendant, Boeing Company, Individually and as successor to McDonnell Douglas Corporation, is a corporation and was doing business in the State of New Jersey. Defendant, Boeing Company, Individually and as successor to McDonnell Douglas Corporation

mined, manufactured, sold, purchased, marketed, installed, removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer used or was exposed to.

      3.      Defendant, CBS Corporation, Individually and as successor to Viacom, Inc. and successor to Westinghouse Electric Corporation, is a corporation and was doing business in the State of New Jersey. Defendant, CBS Corporation, Individually and as successor to Viacom, Inc. and successor to Westinghouse Electric Corporation, mined, manufactured, sold, purchased, marketed, installed, removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer used or was exposed to.

      4.      Defendant, General Electric Company, is a corporation and was doing business in the State of New Jersey. Defendant, General Electric Company, mined, manufactured, sold, purchased, marketed, installed, removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer used or was exposed to.

      5.      Defendant, Goodrich Corporation, Individually and as successor to the B.F. Goodrich Company, is a corporation and was doing business in the State of New Jersey. Defendant, Goodrich Corporation, Individually and as successor to the B.F. Goodrich Company, mined, manufactured, sold, purchased, marketed, installed, removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer used or was exposed to.

      6.      Defendant, Goodyear Tire and Rubber Company, is a corporation and was doing business in the State of New Jersey. Defendant, Goodyear Tire and Rubber Company, mined, manufactured, sold, purchased, marketed, installed, removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer used or was exposed to.

7. Defendant, Honeywell International, Inc., Individually and as successor to the Bendix Corporation, is a corporation and was doing business in the State of New Jersey. Defendant, Honeywell International, Inc., Individually and as successor to the Bendix Corporation, mined, manufactured, sold, purchased, marketed, installed, removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer used or was exposed to.

8. Defendant, Northrop-Gruman Corporation, individually and as successor to Gruman Aerospace Corporation f/k/a Gruman Aircraft Engineering Group, is a corporation and was doing business in the State of New Jersey. Defendant, Northrop-Gruman Corporation, individually and as successor to Gruman Aerospace Corporation f/k/a Gruman Aircraft Engineering Group, mined, manufactured, sold, purchased, marketed, installed, removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer used or was exposed to.

9. John Doe 1 through John Doe 50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who mined, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which Plaintiff's decedent, Carl Brasmer, used or was exposed to.

10. The term "defendants" is used hereafter to refer to all the entities named above.

11. Defendants do business in the State of New Jersey.

**FIRST COUNT**

1. Plaintiff repeats the prior allegations of this Complaint.

2. Defendants, at all times material hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of defendants.

3. Defendants were engaged, directly or indirectly, in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing or installing of asbestos containing products and raw asbestos fiber of various kinds and grades, or of products, including equipment, which defendants knew or should have foreseen would be used with asbestos containing products and/or raw asbestos fiber (hereinafter collectively referred to as "asbestos products").

4. Defendants, directly or indirectly, caused their asbestos products to be sold to or used at Plaintiff's decedent's place of employment.

5. Defendants knew or should have known that Plaintiff's decedent was continuously working with and exposed to asbestos fibers and asbestos dust, which were mined, manufactured, processed, imported, converted, compounded, and/or sold by these Defendants for use by Plaintiff's decedent's employer(s).

6. As a direct and proximate result of Plaintiff's inhalation and ingestion of dust particles and fibers from defendants' asbestos products, Plaintiff's decedent developed permanent and disabling personal injuries.

7. During the time that defendants mined, milled, produced, processed, compounded, converted, sold, merchandised, distributed, supplied and installed their asbestos products, defendants named herein were in possession of medical and scientific information that

-5-

clearly indicated that asbestos, asbestos fibers, and asbestos dust are ultra-hazardous to health, defective, inherently dangerous materials, and otherwise harmful to Plaintiffs.

8.  Defendants knew, or in the exercise of reasonable care should have known, that the use of their asbestos products would cause asbestos dust and fibers to be released into the air and would create dangerous and unreasonable risk of injury to the lungs, respiratory systems, larynx, stomach and other bodily organs of users of their products and to others breathing that air and coming into contact with that dust.

9.  Plaintiff's decedent did not know the nature and extent of the injury that would result from contact with and exposure to defendants' asbestos products or from the inhalation or ingestion of the asbestos dust and fibers.

10. Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff's decedent would come into contact with and be exposed to their asbestos products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of defendants' asbestos products.

11. Despite the facts as set forth above, defendants negligently, recklessly and intentionally:

(a) processed, manufactured, packaged, distributed, used, delivered, and sold to Carl Brasmer's employers(s) and worksites asbestos products for use by its workers including, in particular, Carl Brasmer.

(b) mined, milled, produced, processed, compounded, converted, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce asbestos

products which defendants knew or in the exercise of reasonable care should have known, were defective, dangerous, ultra-hazardous and otherwise unreasonably harmful to Plaintiffs;

(c) failed to render proper, adequate, and correct warnings and labels, advice, instructions, and information as to the use of and exposure to asbestos, its fibers and dusts, and failed to use reasonable care as to the same.

(d) failed to take reasonable precautions or exercise reasonable care to warn Plaintiffs adequately of the risks, dangers and harm to which Plaintiff's decedent would be exposed by exposure to, contact with, use and handling of defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of defendants' asbestos products;

(e) failed to provide proper and appropriate warnings and cautions to all users and bystanders of said asbestos products, fibers, and dusts, both actual or foreseeable, including Plaintiff's decedent.

(f) failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, laundering services, proper equipment and appliances necessary to protect Plaintiff's decedent from being injured, poisoned, disabled, killed, or otherwise harmed by using, handling, coming into contact with, and being exposed to defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of defendants' asbestos products;

(g) failed to package their asbestos products with appropriate warnings that would assure that Plaintiff's decedent would not come into contact with or be exposed to the asbestos dust and fibers resulting from the ordinary and foreseeable use of defendants' asbestos products;

-7-

(h)  failed to advise Plaintiff's decedent of the necessity to adopt and enforce a safe, sufficient and proper method and plan of working with, using, handling, coming into contact with and being exposed to defendants' asbestos products so that Plaintiff's decedent would not inhale or ingest the asbestos dust and fibers resulting from the ordinary and foreseeable use of defendants' asbestos products;

(i)  ignored and suppressed medical and scientific information, studies, tests, data and literature which defendants acquired during the course of their normal business activities concerning the risk of asbestosis, scarred lungs, cancer, mesothelioma, respiratory disorders, and other illnesses and diseases to workers such as Plaintiff's decedent, and other persons similarly situated, who were exposed to defendants' asbestos products;

(j)  disregarded medical and scientific information, studies, tests, data and literature concerning the causal relationship between the inhalation or ingestion of asbestos dust and fibers, and such diseases as asbestosis, mesothelioma, scarred lungs, cancer, respiratory disorders and other illnesses and diseases;

(k)  failed to investigate, impose, and comply with reasonable standards and regulations as to the safe use of and exposure to asbestos, asbestos fibers, and asbestos dust.

(l)  exposed Plaintiff's decedent, and other persons similarly situated, to the risk of developing asbestosis, mesothelioma, scarred lungs, cancer and other illnesses, all of which risks defendants knew, or in the exercise of reasonable care should have known, were consequences of exposure to asbestos dust and fibers;

(m)  failed to seek substitute materials in lieu of the use of their asbestos;

(n) failed to advise Plaintiff's decedent, who defendants knew, or in the exercise of reasonable care should have known, had been exposed to inhalation or ingestion of asbestos dust and fibers resulting from the ordinary and foreseeable use of defendants' asbestos products; to cease further uncontrolled or unprotected exposure to asbestos products and the inhalation or ingestion of asbestos dust and fibers and all other kinds of smoke, dusts, and fumes; to be examined by competent medical doctors to determine the nature and extent of any and all diseases caused by inhalation or ingestion of asbestos dust and fibers; and to receive medical care and treatment for such diseases; and

(o) defendants' otherwise acted negligently, recklessly and with intentional disregard for the welfare of Plaintiff's decedent in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing, installing, or otherwise placing in the stream of commerce their asbestos products.

12. As a direct and proximate result of the acts and omissions of defendants, Plaintiff's decedent was exposed to and came in contact with defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff's decedent was caused to suffer severe, permanent and disabling personal injuries or death and to be placed at increased risk of developing other serious bodily injury, have expended and will be caused to expend sums of money for medical care and treatment related thereto, have been prevented and will be prevented from pursuing her normal activities and employment, have experienced and will continue to experience severe pain and suffering and mental anguish, and has been deprived and will continue to be deprived of their ordinary pursuits and enjoyments of life.

WHEREFORE, Plaintiff demands judgment against defendants jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## SECOND COUNT

1. Plaintiff repeats the prior allegations of this Complaint.

2. Defendants expressly or impliedly warranted that their asbestos products, which they mined, milled, produced, compounded, converted, processed, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce were merchantable, reasonably fit for use, and safe for their intended purposes.

3. Defendants breached said warranties in that their asbestos products were defective, ultrahazardous, dangerous, unfit for use, not merchantable, and not safe for their intended, ordinary and foreseeable use and purpose.

4. As a direct and proximate result of defendants' breach of warranties, Plaintiff's decedent was exposed to and came in contact with defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of defendants' asbestos products. Plaintiff's decedent was caused to suffer the injuries, expenses and losses alleged in prior counts of this Complaint.

WHEREFORE, Plaintiff demands judgment against defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## THIRD COUNT

1. Plaintiff repeats the prior allegations of this Complaint.

2. Defendants failed to disclose and intentionally and negligently misrepresented to Plaintiff's decedent the health risks created by the ordinary use of defendants' asbestos products.

3. Plaintiff's decedent relied upon said representations, and such reliance was foreseeable to defendants.

4. As a result of defendants' conduct, Plaintiff's decedent came in contact with defendants' asbestos products and inhaled or ingested asbestos dust and fibers from these products. Plaintiff's decedent was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## **FOURTH COUNT**

1. Plaintiff repeats the prior allegations of this Complaint.

2. Defendants are <u>strictly liable</u> to Plaintiff by reason of the following:

(a) defendants were engaged in the business of being miners, millers, producers, processors, sellers, suppliers, installers and distributors of their asbestos products;

(b) defendants knew or had reason to know that Plaintiff's decedent, and other persons similarly situated would be ultimate users or consumers or their asbestos products or would be exposed to their asbestos products;

(c) defendants sold or otherwise placed their asbestos products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff's decedent, and other persons similarly situated;

-11-

(d) throughout the many years that Plaintiff's decedent and other similarly situated persons were exposed to and/or used defendants' asbestos products, said asbestos products reached the users and consumers without substantial change in the condition in which they were sold;

(e) the ordinary and foreseeable use of defendants' asbestos products constituted a dangerous and ultrahazardous activity and created an unreasonable risk of injury to users and bystanders;

(f) defendants' asbestos products were defective in that they were incapable of being made safe for their ordinary and intended use and purpose, and defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of their asbestos products.

3. As a consequence of the defective condition of defendants' asbestos products, Plaintiff's decedent inhaled or ingested asbestos dust and fibers during ordinary and foreseeable use of those asbestos products. Plaintiff's decedent was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### **FIFTH COUNT**

1. Plaintiff repeats the prior allegations of this Complaint.

2. Defendants mined, milled, produced, processed,

-12-

compounded, converted, sold, merchandised, supplied, distributed or installed all, or substantially all, of the asbestos products to which Plaintiff's decedent was exposed.

3.  Defendants controlled the market, or a substantial portion of the market, from which the asbestos products which caused Plaintiff's decedent's injuries emanated.

4.  Defendants collectively, through explicit agreement, tacit agreement, and conscious parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of asbestos products and controlled the level of knowledge on the part of the public regarding the hazards of exposure to dust and fibers from defendants' asbestos products.

5.  As a direct and proximate consequence of defendants' acts and omissions, Plaintiff's decedent was exposed to and came in contact with defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff's decedent was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against defendants, jointly, severally, in the alternative, or in proportion to defendants' respective market shares, for compensatory damages, punitive damages and costs of suit.

### **SIXTH COUNT**

1.  Plaintiff repeats the prior allegations of this Complaint.

2. Defendants acted in concert with each other and with other members of the asbestos industry, through express agreement, implicit agreement, imitative behavior and conscious parallel behavior;

(i) to withhold from users of their products, and from persons who defendants knew or should have known would be exposed to their products, information regarding the health risks of breathing or ingesting asbestos dust and fibers.

(ii) to eliminate or prevent development of adequate procedures and tests relating to the health hazards of exposure to asbestos fibers and dust.

(iii) to assure that asbestos products became widely used in industries such as construction, shipbuilding, machine fabrication and similar such industries.

3. Defendants knew that their activities were violative of common law standards of care and that their withholding of information, failure to develop tests and procedures, and promotion of widespread use of asbestos products would expose persons such as Plaintiff's decedent to unreasonable risk of bodily injury.

4. Defendants nevertheless gave substantial assistance and encouragement to each other and to other members of the asbestos industry and assisted each other and other members of the asbestos industry in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to assure that users of asbestos would not be subjected to risk of

injury; and promoting widespread use of products which defendants knew would expose Plaintiff's decedent to unreasonable risk of bodily injury.

5. As a direct and proximate consequence of the concerted actions of defendants and other members of the asbestos industry, Plaintiff's decedent was exposed to and came in contact with defendants' asbestos products and the asbestos products of others and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff's decedent was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### **SEVENTH COUNT**

1. Plaintiff repeats the prior allegations of this Complaint.

2. The defendants constitute all known, non-remote producers, manufacturers, suppliers, installers, and distributors of the asbestos products which could have caused Plaintiff's decedent's injuries.

3. Each of the defendants, whether acting individually or in concert with others, violated a duty of care owed to Plaintiff's decedent or otherwise engaged in culpable activity against Plaintiff's decedent.  The acts and omissions of at least one of the defendants caused Plaintiff's decedent to sustain the injuries and, losses and expenses alleged in prior counts of this complaint.

      4.      Plaintiff's decedent in no respect can be blamed should Plaintiff be unable to establish which of the asbestos products caused the injuries and subsequent death complained of herein.

      5.      The burden of proof in this matter thus should shift to defendants to demonstrate that their respective conduct and their respective products could not have caused Plaintiff's injuries, and, failing such proof, defendants should be held jointly, severally or alternatively liable for Plaintiff's injuries.

      WHEREFORE, Plaintiff demands judgment against defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### EIGHTH COUNT

      1.      Plaintiff repeats the prior allegations of this Complaint.

      2.  Defendants failed to warn Plaintiff's decedent, Carl Brasmer, of the need to protect himself and avoid exposure to asbestos dust on his person and clothing.

      3.  As a direct and proximate result of Defendants' tortuous actions, Plaintiff's decedent was caused to suffer the injuries, expenses and losses alleged in the prior counts of this Complaint.

      WHEREFORE, Plaintiff demands judgment against defendants, jointly, severally and in the alternative, for compensatory damages, punitive damages, and costs of suit.

                      COHEN, PLACITELLA & ROTH, P.C.

                      Attorneys for Plaintiffs


                      By: /s Michael E. McMahon
                          MICHAEL E. MCMAHON
                          For the Firm

Date: August 3, 2012


## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts pursuant to Fed. L. Civ. P. 38(b).

                      COHEN, PLACITELLA & ROTH, P.C.
                      Attorneys for Plaintiff


                BY:   S/ Michael E. McMahon
                          MICHAEL E. MCMAHON (MM9572)
                          127 Maple Avenue
                          Red Bank, New Jersey 07701

DATED:    August 3, 2012